IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOE HAND PROMOTIONS, INC.,

                       Plaintiff,

v.

L. A. MOON LLC d/b/a COACH'S BAR &
GRILL, and LOGAN ANDREW MOON,
individually and as a member of L. A.
MOON LLC,

                       Defendants.

OPINION & ORDER

12-cv-446-wmc

---

On January 28, 2013, the clerk of court entered default against defendants L. A. Moon LLC d/b/a Coach's Bar & Grill and Logan Andrew Moon, individually and as a member of L. A. Moon LLC, pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. #19.) Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") has since filed a motion for default judgment. (Dkt. #21.)

Plaintiff Joe Hand filed this action alleging that defendants knowingly and willfully violated certain provisions of the Communications Act of 1934, 47 U.S.C. § 605, and the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, by unlawfully intercepting and exhibiting the *Ultimate Fighting Championship 114: Rampage v. Evans* television broadcast on May 29, 2010 ("the Broadcast").

Because default was entered against defendant, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Joe Hand was granted the right to distribute the Broadcast via closed circuit television and encrypted satellite signal. (Compl. (dkt. #1) ¶

10.) Joe Hand entered into subsequent sub-licensing agreements with various commercial entities throughout North America to publically exhibit the Broadcast. (*Id.* at ¶ 11.) Defendants without authorization from Joe Hand received and published the Broadcast in violation of 47 U.S.C. §§ 553, 605. (*Id.* at ¶¶ 13, 14, 20, 21). Defendants did so willfully and for the purposes of direct or indirect commercial advantage or private financial gain. (*Id.* at ¶¶ 13, 20.)

Plaintiff has alleged violations of both Section 553 (which applies to cable line broadcasts) and Section 605 (which applies to satellite broadcasts) in its complaint, but it may not simultaneously pursue relief under both sections. *United States v. Norris*, 88 F.3d 462, 468 (7th Cir. 1996). From the plaintiff's counsel's affidavit submitted in support of default judgment, it appears that plaintiff has elected to proceed under Section 605 -- not surprisingly, because 605 provides for greater potential recovery.

Under 47 U.S.C. § 605(e)(3)(C)(i)(II), the court may award statutory damages ranging from a minimum of $1,000 to a maximum of $10,000. Additionally, "[i]n any case in which the court finds that the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain," the court has the discretion to award enhanced damages up to $100,000. 47 U.S.C. § 605(3)(3)(C)(ii). Plaintiff requests (1) $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); (2) $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(C)(ii); and (3) $1,250 in attorney's fees and $703.77 in costs pursuant to 47 U.S.C. § 605(e)(B)(iii). (Affidavit of Peter S. Balistreri ("Balistreri Aff.") (dkt. #22) ¶ 8.)

The court held a telephonic hearing regarding plaintiff's motion on February 20, 2013, and for the reasons that follow decided to grant a substantially reduced damage

2

award. In support of its motion for default judgment, plaintiff submitted an affidavit from Jesse D. Nelson dated May 20, 2010, attesting that on May 29, 2010, he observed the Broadcast being displayed at the Coaches Sports Garden. (Balistreri Aff., Ex. B (dkt. #22-2).) Nelson further attests that at the time he observed the bar there were more than 250 customers present. (*Id.*) Nelson also attests that the capacity of the establishment in the main bar area is approximately 300 people. (*Id.*) Plaintiff also submitted its "Rate Card" for the Ultimate Fighting Championship. (Balistreri Aff., Ex. A (dkt. #22-1).) For an establishment with a capacity of between 250-300 people, the price for the Broadcast was $1,800. (*Id.*)

In other default judgment actions involving violations of 47 U.S.C. § 605, courts have awarded damages of approximately $55 per patron. *See, e.g., J & J Sports Productions, Inc. v. Aguilera*, No. 09-cv-4719, 2010 WL 2362189, at *2 (N.D. Ill. June 11, 2010); *J & J Sports Production, Inc. v. Ramirez*, No. 08 C 3354, Minute Order at 1-2 (N.D. Ill. Sept. 18, 2008). This court has in the past found this basis for determining statutory damages reasonable. *See Joe Hand Promotions, Inc. v. SCK Management Servs., LLC*, No. 12-cv-590 (W.D. Wis. Jan. 9, 2013); Joe *Hand Promotions, Inc. v. Dewey's Roadhouse, LLC*, No. 11-cv-486-wmc (W.D. Wis. Mar. 21, 2012); *J & J Sports Prod., Inc. v. Montero*, No. 10-cv-757-wmc (W.D. Wis. Mar. 16, 2011); *J & J Sports Prod., Inc. v. Sunsets On Sand, LLP*, No. 10-cv-12-wmc (W.D. Wis. July 7, 2010). Based on the Nelson affidavit that there were more than 250 individuals at the bar, the court will award $16,500 in statutory damages (which generously assumes there were 300 patrons). Additionally, the court awards enhanced damages in the amount of $16,500. Accordingly, the total amount of damages awarded to Joe Hand Promotions, Inc. is $33,000.

3

Plaintiff also seeks attorney's fees in the amount of $1,250, which counsel avers represents 5 hours of fees at $250 per hour. (Balistreri Aff. (dkt. #22) ¶ 8.) The court finds this amount reasonable. Plaintiff also seeks costs in the amount of $703.77, which consists of the $350 filing fee, $150 for attempted personal service, and $203.77 covering the cost of service by publication. The court finds reimbursement of these costs appropriate. Accordingly, the court will also award $1,953.77 in attorney's fees and costs.

IT IS ORDERED that plaintiff's motion for default judgment is GRANTED and the clerk of court is directed to enter a default judgment in the total amount of $34,953.77 against defendants L. A. Moon LLC d/b/a Coach's Bar & Grill and Logan Andrew Moon, individually and as a member of L. A. Moon LLC.

Entered this 20th day of February, 2013.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge

Judgment entered this 20th day of February, 2013.

_____
Peter Oppeneer, Clerk of Court

4